David N. Lake, State Bar No. 180775
**LAW OFFICES OF DAVID N. LAKE**
**A Professional Corporation**
16130 Ventura Boulevard, Suite 650
Encino, California 91436
Telephone: (818) 788-5100
Facsimile: (818) 479-9990
Email: david@lakelawpc.com

*Attorneys for Plaintiff Debbi Mizel*

[Additional counsel on signature page]

# IN THE UNITED STATES DISTRICT COURT

# FOR THE CENTRAL DISTRICT OF CALIFORNIA-WESTERN DIVISION

| | |
|---|---|
| DEBBI MIZEL, on behalf of herself and all others similarly situated,<br><br>Plaintiff,<br><br>v.<br><br>ENTRAVISION COMMUNICATIONS CORPORATION,<br><br>Defendant. | Case No.<br><br>**COMPLAINT**<br><br>**CLASS ACTION** |

Debbi Mizel ("Plaintiff") brings this complaint against defendant Entravision Communications Corporation ("Entravision" or the "Company"), for: (1) violations of 26 U.S.C. § 7434 (providing a private right of action for damages relating to the filing of an incorrect information return as to the nature and amount of a taxpayer's income); and (2) negligence in carrying out its obligations to its stockholders relating to Entravision's improper characterization of stockholder distributions made in 2023 and 2024, determining them to be taxable "dividends", when in fact such distributions are properly viewed under federal law in each case to be a non-taxable or tax-deferred "return of capital" or "ROC." Plaintiff's allegations are based on the investigation of counsel, and on information and belief, except as to the allegations pertaining to Plaintiff individually, which are based on personal knowledge.

## JURISDICTION AND VENUE

1.  This Court has jurisdiction over the subject matter of this action pursuant to 28 U.S.C. §1331, as it presents a federal question. In addition, under *Grable & Sons Metal Prods. v. Darue Eng'g & Mfg.*, 545 U.S. 308, 313-15 (2005)(state law claim requiring interpretation of Internal Revenue Code) this action as to its state law claim requires the resolution of substantial questions of federal law, and this confers subject matter jurisdiction. Moreover, this Court has jurisdiction under the Class Action Fairness Act ("CAFA"), 28 U.S.C. § 1332(d)(2)(A), in that there are in excess of 100 class members, the amount of payments at issue exceed the sum of $5 million, and members of the Class (as defined herein) are citizens of many states other than California and Delaware, two states as to which Entravision may claim citizenship. Plaintiff is a citizen of the State of Florida. As to the state claims asserted herein, this Court also has jurisdiction under 28 U.S.C. §1367.

2.  The Court has personal jurisdiction over Defendant because it conducts substantial business in California. Defendant operates and maintains its corporate

headquarters in Burbank, California and has sufficient minimum contacts with this State to render the exercise of jurisdiction by this Court permissible.

3. Venue is proper in this Court pursuant to 28 U.S.C. § 1391(b) because a substantial part of the events or omissions giving rise to Plaintiff's claims occurred in this District and Defendant resides in this District.

## PARTIES

4. Plaintiff Debbi Mizel ("Plaintiff") is a stockholder of Entravision and a recipient of what she contends to have been a return of capital in 2024, but which was inaccurately designated by Entravision as a dividend.

5. Defendant Entravision ("Defendant," "Entravision," or "Company") is a corporation organized and existing under the laws of the State of Delaware, with its headquarters and principal place of business at 1 Estrella Way, Burbank California, 91504. The Company is publicly-traded on the New York Stock Exchange (symbol: EVC) and has issued and outstanding over 81.6 million shares of Class A common stock.

## LEGAL AND FACTUAL BACKGROUND

6. Corporations have a duty to properly characterize and report distributions to stockholders, in accordance with the Internal Revenue Code, IRS regulations, and the common law.

7. Federal law requires corporations and other entities who make distributions claimed to be dividends to file an information return under 26 U.S.C. § 6042. Should the distribution meet the definition of a return of capital, however, the payment is tax deferred and reduces the recipient's basis in the stock.

8. A report that such an event occurred must be filed by a corporation such as Entravision under 26 U.S.C. § 6042B. A report under 26 U.S.C. § 6045B is deemed an "information return" pursuant to 26 U.S.C. § 6724(d)(1)(b)(iv), as is a report setting forth purported dividend payments under 26 U.S.C. §6042(a). *See* 26

2
CLASS ACTION COMPLAINT

U.S.C. § 6724(d)(1)(a)(ii). For purposes of reporting a return of capital, the IRS has published Form 8937. A corporation that files a false information report is liable for damages in a private civil action under 26 U.S.C. § 7434.

9. In addition, from a state law perspective, a declaration that the corporation will pay a dividend creates an obligation to accurately represent the nature of that distribution, flowing from the corporation to the stockholders. Indeed, "a corporation shares the duty of all trustees to protect, so far as the exercise of proper deliberation and care can, the interests of the beneficiary." *Schneider v. Union Oil Co.,* 6 Cal.App. 3d 987, 992, 86 Cal.Rptr. 315 (1st Dist. 1970). In matters involving the corporation's pecuniary interests, if the corporation provides information it must "exercise reasonable care in obtaining or communicating the information…" *Corporate Prop. Assocs. 14 Inc. v. CHR Holding Corp.,* 2008 Del. Ch. LEXIS 45, *35-44 (Del. Ch. April 10, 2008)(upholding negligent misrepresentation claim against corporation regarding information that affected the value of corporate warrants).

10. Here, payment of the distribution carried with it an obligation of "proper deliberation and care", requiring Entravision to characterize it properly under the law, as stockholders expect and rely upon the corporation to do. Entravision failed in this obligation.

11. Under federal law, not all distributions are *taxable* dividends. *See* 26 U.S. Code § 301*;* 26 U.S. Code § 316; *Boulware v. United States,* 552 U.S. 421, 425 (2008)("Sections 301 and 316(a) together thus make the existence of earnings and profits the decisive fact in determining the tax consequences of distributions from a corporation to a shareholder with respect to his stock. This requirement of relating the tax status of corporate distributions to earnings and profits is responsive to a felt need for protecting returns of capital from tax."). The payer of the distribution is

1  required to correctly identify each type and amount of distribution when reporting
2  on Form 1099-DIV for tax purposes.[1]

3  12.  Under IRS rules, a distinction is drawn for tax purposes when the
4  distribution is actually a return of capital. As noted by the IRS: "Distributions that
5  qualify as a return of capital aren't dividends. A return of capital is a return of some
6  or all of your investment in the stock of the company. A return of capital reduces the
7  adjusted cost basis of your stock. … A distribution generally qualifies as a return of
8  capital if the corporation making the distribution doesn't have any accumulated or
9  current year earnings and profits. Once the adjusted cost basis of your stock has been
10 reduced to zero, any further non-dividend distribution is a taxable capital gain…"[2]
11 Here, there is no question that Entravision had no accumulated or current year
12 earnings and profit for 2023 or for 2024.

13 13.  The controlling rule is contained in Section 316, 26 U.S.C. Sect. 316,
14 of the Internal Revenue Code ("IRC"), defining what is considered a "dividend."

> § 316. Dividend defined.
>
> **(a)   General rule.** For purposes of this subtitle [26 USCS §§ 1 et seq.], the term "dividend" means any distribution of property made by a corporation to its shareholders –
> **(1)   out of its earnings and profits accumulated after February 28, 1913,** or
>
> **(2)   out of its earnings and profits of the taxable year** (computed as of the close of the taxable year without diminution by reason of any distributions made during the taxable year), without regard to the amount of the earnings and profits at the time the distribution was made.

---

[1] https://www.irs.gov/taxtopics/tc404

[2] *Id.*

4
CLASS ACTION COMPLAINT

> **Except as otherwise provided in this subtitle [26 USCS §§ 1 et seq.], every distribution is made out of earnings and profits to the extent thereof,** *and from the most recently accumulated earnings and profits*. To the extent that any distribution is, under any provision of this subchapter [26 USCS §§ 301 et seq.], treated as a distribution of property to which section 301 [26 USCS § 301] applies, such distribution shall be treated as a distribution of property for purposes of this subsection.

(Emphasis added)

14. Accordingly, if a company has any "left over" retained earnings when it makes a distribution, the payment is considered a dividend to the extent of those legacy retained earnings. Once the company runs out of retained earnings, the next payment is an ROC unless somehow the company manages to wind up with a profitable "taxable year."

15. Entravision did not achieve a profitable taxable year in 2023 or 2024, and thus, the "Qualified Dividends" are actually non-taxable ROCs for both 2023 and 2024.

16. In 2023 and 2024, Entravision announced the following distributions for its Class A common stock:

| Record Date | Payable | Amount per Share |
|---|---|---|
| March 16, 2023 | March 31, 2023 | $0.05 |
| June 16, 2023 | March 31, 2023 | $0.05 |
| September 15, 2023 | September 29, 2023 | $0.05 |
| December 15, 2023 | December 29, 2023 | $0.05 |
| March 15, 2024 | February 28, 2024 | $0.05 |
| June 14, 2024 | June 28, 2024 | $0.05 |
| September 16, 2024 | September 30, 2024 | $0.05 |
| December 16, 2024 | December 31, 2024 | $0.05 |

17. At or about the time that each of the distributions were made, Entravision reported in its quarterly Forms 10-Q and press releases the following financial information:

| Quarter Ended | Accumulated Deficit (in Rounded Millions) | Net (loss) In Millions |
| --- | --- | --- |
| March 31, 2023 | ($502) | $1,699 |
| June 30, 2023 | ($504) | ($1,989) |
| September 30, 2023 | ($501) | $2,719 |
| December 31, 2023 | ($520) year-end | ($18,208) year-end |
| March 31, 2024 | ($569)) | ($48,890) |
| June 30, 2024 | ($600) | ($31,680) |
| September 30, 2024 | ($612) | ($11,980) |
| December 31, 2024 | ($669) year-end | ($56,358) year-end |

18. With regard to operating profits, Entravision reported operating losses of $52 million for 2024 and $26.5 million for 2023. In both years, the Company also recorded net operating loss carryforwards. To the extent the Company incurred any federal income taxes in 2024, this was not due to operating profitability, but rather to an adjustment in an account designated a "valuation allowance." (2024 Form 10-K, p. F-30). No federal tax was owed in 2023. (*Id*. at F-29).

19. There are currently in excess of 81 million shares of Class A common stock, and over $16 million in distributions are paid out annually on Entravision common shares. Thus, this matter concerns $32 million in mischaracterized distributions.

20. In February 2025, Ms. Mizel received a Form 1099 from her broker, characterizing her distributions from Entravision as "Qualified Dividends", not as a Return of Capital. This designation is incorrect for her 2024 distributions, and was likewise incorrect for 2023 distributions to other Class members. The Form 1099 provided is necessarily based on, and flows from, Entravision's inaccurate information return. Entravision negligently disregarded that its communications

would flow through to stockholders like Ms. Mizel and would cause them economic harm, if inaccurate.

21. Mischaracterizations may lead to stockholders like Plaintiff paying unnecessary tax, paying the wrong amount of tax, reporting an incorrect tax basis and/or incurring expenses to repair any prior erroneous reporting via the filing of an amended return, or by means of a refund request. Here, Entravision's mischaracterization has resulted in large and needless tax payments for tax years 2023 and 2024.

22. In many cases, the tax deferral provided by a Return of Capital becomes permanent in the event the stock is inherited, and the basis is adjusted to the fair market value pertaining on the date the stockholder passes away. In other cases, the tax liability may be "recaptured", but many years later. Sometimes, if the subject stock price declines, and this is followed by a sale at the lower price, the Return of Capital benefit can become permanent, and the tax that would have been paid had the distribution been classified as a dividend is thus permanently avoided.

23. Entravision has violated its statutory and contractual duties by failure to adhere to IRC, IRS rules, and relevant case law. Under IRS rules, a Form 8937 "***must*** be filed with the IRS on or before the 45th day following the organizational action [*i.e*, the distribution declaration] or, if earlier, January 15 of the year following the calendar year of the organizational action."[3] (Emphasis added).  This Defendant has not done so.

24. On or about March 3, 2025, undersigned counsel notified Defendant of its errors. Defendant has not made any correction, nor has it responded to repeated requests for an explanation.

---

[3] https://www.irs.gov/instructions/i8937#idm140545239573440

7
CLASS ACTION COMPLAINT

25. Entravision has a common law duty of proper deliberation and care that required it to properly inform distributees of the nature of the 2023 and 2024 distributions. It has an equivalent statutory duty to make accurate and proper reports to the IRS as to taxable amounts paid.

26. In light of the failure of Entravision to fulfill its legal duties, Defendant has violated 26 U.S.C. §7434 (giving rise to civil liability to the Class), and has breached its contract with Plaintiff and the Class.

## CLASS ACTION ALLEGATIONS

27. Plaintiff incorporates by reference all of the foregoing paragraphs as if fully set forth herein.

28. Plaintiff, a shareholder in the Company, brings this action as a class action pursuant to Rule 23(b)(3) of the Federal Rules of Civil Procedure on behalf of herself and all common stockholders of Entravision (except the Defendants herein, and any person, firm, trust, corporation or other entity related to or affiliated with any of the Defendants), and their successors in interest (the "Class") who received distributions in 2023 and/or 2024.

29. This action is properly maintainable as a class action.

30. A class action is superior to other available methods of fair and efficient adjudication of this controversy.

31. The Class is so numerous that joinder of all members is impracticable. The Company's 81.1 million outstanding shares are held by thousands of beneficial stockholders. Consequently, the number of Class members is believed to be in the thousands and are likely scattered across the United States.

32. There are questions of law and fact that are common to all Class members and that predominate over any questions affecting only individuals, including, but not limited to: whether Defendant has violated 26 U.S.C. §7434, and the measure of damages incurred; whether the distributions made in 2023 and 2024

were a return of capital and not dividends; whether the distributions were paid out of capital, and not earnings and profits; whether the Company had an accumulated deficit when the distributions were made; and whether the Company is liable for negligent misrepresentations.

33. Plaintiff's claims are typical of the claims of other class members and Plaintiff has no interests that are antagonistic or adverse to the interest of other class members. Plaintiff will fairly and adequately protect the interest of the Class.

34. Plaintiff is committed to prosecuting this action and has retained competent counsel experienced in class action litigation.

35. The prosecution of separate actions by individual members of the Class would create a risk of inconsistent or varying adjudications with respect to individual members of the Class, which would establish incompatible standards of conduct for Defendants; or adjudications with respect to individual members of the Class would, as a practical matter, be dispositive of the interest of other members or substantially impair or impede their ability to protect their interests.

**FIRST CLAIM FOR RELIEF**
**(VIOLATION OF 26 U.S.C. §7434)**
**(Against All Defendants And Certain Doe Defendants)**

36. Plaintiff incorporates by reference all of the foregoing paragraphs as if fully set forth herein.

37. Section (a) of 26 U.S.C. §7434 provides: "If any person willfully files a fraudulent information return with respect to payments purported to be made to any other person, such other person may bring a civil action for damages against the person so filing such return."

38. Section 7434 defines damages as follows:

b) Damages

1    In any action brought under subsection (a), upon a finding of liability on the
2    part of the defendant, the defendant shall be liable to the plaintiff in an amount
3    equal to the greater of $5,000 or the sum of—
4    (1) any actual damages sustained by the plaintiff as a proximate result of the
5    filing of the fraudulent information return (including any costs attributable to
6    resolving deficiencies asserted as a result of such filing),
7    (2) the costs of the action, and
8    (3) in the court's discretion, reasonable attorneys' fees.

9    39.    An information return as defined in Section 7324(f), which incorporates the definitions of Section 6724(d)(1)(A), includes a return with respect to dividend payments under 26 U.S.C. §6042(a) and a return with respect to the tax basis of distributions under 26 U.S.C. §6045B.

13    40.    Entravision violated Section 7434 by knowingly or recklessly reporting its distributions as taxable dividends in specified amounts, while in fact such amounts should have been designated non-taxable, and the amounts reported thus should have been zero.

17    41.    Entravision may be inferred to have acted intentionally or recklessly[4] because: (a) Entravision retains experienced financial professionals, including one of the world's largest and most knowledgeable accounting firms, Deloitte & Touche; (b) Entravision must be presumed to know the tax laws, including the laws concerning dividends and return of capital; (c) Entravision displayed knowledge of the nature of its 2024 distributions by charging them against "additional paid-in capital"—see 2024 Form 10-K, p. F-7; (d) Entravision displayed knowledge of the nature of its 2023 distributions in the same way by charging them against "additional paid-in capital"—see 2023 Form 10-K, p. F-9; (e) Entravision's accumulated deficit

---

[4] *See Doherty v. Turner Broad. Sys., Inc.*, 461 U.S. App. D.C. 388, 72 F.4th 324 (2023).

1  as reported on its balance sheet is so enormous that it must be strongly inferred that
2  this deficit exists both under GAAP and any applicable tax calculations that can be
3  made; and (f) Entravision was informed of this issue by counsel for Plaintiff herein,
4  and made no corrections.

5    42. For the foregoing reasons, Entravision has violated 26 U.S.C. §7434,
6  and owes damages to Plaintiff and the Class.

**SECOND CLAIM FOR RELIEF OF ACTION**
**(NEGLIGENT MISREPRESENTATION)**
**(Against All Defendants And Certain Doe Defendants)**

  43. Plaintiff incorporates by reference all of the foregoing paragraphs as if fully set forth herein.

  44. Plaintiff and all Class Members were owed a duty in connection with the distributions made by Defendant to receive accurate information, which duty arises from the Company's obligation to exercise proper deliberation and due care in matters affecting its pecuniary interests. Distributions to stockholders involve the corporation's pecuniary interests.

  45. Defendant has breached its duty of due care and made a negligent misrepresentation by improperly characterizing its distributions pursuant to the IRC rules and regulations, including 26 U.S.C. Sect. 316, and to file Form 8937.

  46. Under the common law, Entravision had a duty and obligation to its stockholders to properly characterize its distributions to Plaintiff and the Class.

  47. Plaintiff and the Class members have and will be damaged by paying taxes on what should properly be characterized as a tax-free or tax-deferred Return of Capital, and incurring needless accounting costs. Plaintiff and Class members have relied on the Company's negligent misrepresentations in preparing and paying their taxes.

48. For the foregoing reason, Entravision has breached its common law duties and obligations, and owes damages to Plaintiff and the Class.

## PRAYER FOR RELIEF

**WHEREFORE**, Plaintiff demands judgment against Defendant and requests the entry of:

A. An Order certifying this action as a Class Action and certifying Plaintiff as class representative;

B. An Order determining Entravision to have violated 26 U.S.C. §7434, and assessing damages to be paid to Plaintiff and the Class.

C. An Order determining Entravision to have committed a negligent misrepresentation, and assessing damages to be paid to Plaintiff and the Class, including accounting costs;

D. An Order requiring Defendant to properly file Form 8937 for tax years 2023 and 2024;

E. An award of attorneys' fees and the reimbursement of litigation costs; and

F. Such other and further relief as this Court may deem just or proper.

Dated: April 10, 2025                    Respectfully submitted,

By:_____
    David N. Lake, Esq.
**LAW OFFICES OF DAVID N. LAKE**
**A Professional Corporation**
16130 Ventura Boulevard, Suite 650
Encino, California 91436
Telephone: (818) 788-5100
Facsimile: (818) 479-9990
Email: david@lakelawpc.com

**THE PASKOWITZ LAW FIRM P.C.**
Laurence D. Paskowitz
The Contour
97-45 Queens Boulevard, Ste. 1202
Rego Park, NY 11374
T: 212-685-0969
lpaskowitz@pasklaw.com

**KOMLOSSY LAW P.A.**
Emily Komlossy
3440 Hollywood Boulevard, Ste. 415
Hollywood, FL 33021
T: (954) 842-2021
F: (954) 416-6223
eck@komlossylaw.com

*Attorneys for Plaintiff Debbi Mizel*